THOMAS B. HOOVER *v.* E. M. CHAMBERS, Administrator, &c.

H. recovered a judgment against E. M. C. as administrator of S. C., deceased, and an execution on said judgment having been returned *nulla bona*, a garnishee summons was issued to S. and others, requiring them to appear and answer as to their indebtedness to the intestate S. C.; they answered that they owed said H., with S. C. and S. D., a balance on the judgments; and at the same time set forth certain defences which they were making against

said judgments, and they also stated that S. D. had died before the service of the garnishee summons; it being also proved on the part of H. that he had no interest in said judgments:— *Held,* that the rendition of judgment in favor of the garnishees was a correct decision of the court below.

IN error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

T. B. Hoover recovered a judgment in a justice's court against E. M. Chambers as administrator of Sylvanus Chambers, deceased, and on the 2d July, 1846, a *fieri facias* issued thereon, and was returned *nulla bona.* The plaintiff, according to the statute, suggested that William Sadler and others were indebted to said Chambers as administrator. All the garnishees answer, except Francis Sadler, who is a non-resident, and as to whom the writ of garnishment was returned not found. The following answers were read on the trial. The answers show that T. B. Hoover & Co. recovered two judgments in the federal court, for between $11,000 and $12,000, against the garnishees, in 1839, which was due and unpaid, and the payment of which was restrained by injunction at the instance of the Sadlers, who were the principals in said judgment. The answers also set up as a defence to plaintiff's right of recovery against them on garnishment:—

1. That the controversy about the judgments was pending before the United States court, and that the court before which the garnishment was pending did not have jurisdiction.

2. That the company was composed of Sylvanus Chambers and Samuel Dinkins; that Chambers died in 1843, and all his right in the judgments survived to Dinkins, who died in 1845. Edward Chambers, defendant, administered on both estates.

3. Said Hoover, the plaintiff, is also plaintiff in the judgments.

4. Because the effects of Chambers in the course of administration could not be attached.

5. Because the effects of one partner, or a partnership fund, is not the subject of attachment. The justice discharged the garnishees. Hoover appealed to the circuit court.

The papers before the justice were lost, but, by agreement of counsel, their loss was supplied.

The foregoing answer was considered as the answer in this cause. An amended answer of Sadler was filed, in which he states on the 22d of October, 1849, he paid $4,183, and some time thereafter he paid $5,000 on said judgments.

Hoover introduced an agreement as to the judgments in the federal court between Benjamin Chambers, the assignee of Dinkins, and Edward M. Chambers as administrator of Sylvanus Chambers, and the defendant Sadler, to show that he, Hoover, had no interest in the judgment. Hoover then introduced the petition of defendant as administrator, in which he represented the estate of his intestate to be insolvent. But there is no decree of the court pronounced by the probate court, declaring it insolvent. The receipt of plaintiff's attorney in the judgment is dated the 22d of October, 1849, for $4,183.

Samuel Dinkins assigned his interest in the judgments January 20, 1845, to Benjamin Chambers in trust, to pay certain debts and secure Sylvanus Chambers' estate the amount he owed it. Said Chambers & Dinkins being joint owners of the judgments.

The partnership of T. B. Hoover & Co. was dissolved July, 1837.

It was also in evidence, that of the judgments of T. B. Hoover & Co., Sylvanus Chambers owned a larger share than Dinkins. That an informal award had been made, and that the assignee of Dinkins's interest, and the defendant Chambers, both desired a settlement on the basis of that award, which gave to Chambers the larger portion. It was admitted that Hoover had no interest in the judgments. Upon the foregoing facts a judgment was rendered for the garnishees. A motion for new trial was made, and overruled, and the judgment excepted to, and brought to this court by writ of error.

*Lawson* for appellant.

*J. R. Davis* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

Thomas B. Hoover recovered a judgment before a justice of the peace of Madison county, against E. M. Chambers as administrator of Sylvanus Chambers. An execution having been returned on this judgment *nulla bona*, a garnishee summons was issued to one Sadler and others, requiring them to appear and answer as to their indebtedness to the intestate Sylvanus Chambers. They answered that they owed the said Hoover, Sylvanus Chambers, and Samuel Dinkins, a balance on two judgments in the United States circuit court at Jackson, but set forth certain defences which they were making against said judgments. They also answered that Dinkins, surviving said Chambers in said judgments, had died before the service of the garnishee summons.

It was proved on behalf of Hoover on the trial, that he had no interest in said judgments. Under this statement of the case, the question arises whether the garnishees are the debtors in a legal sense of Sylvanus Chambers, deceased.

Admitting for the sake of the argument that Hoover, the only survivor of the three partners, has divested himself of all interest in the United States court judgments, and that he can assert no claim either at law or in equity thereto, the question still comes up, who has the legal title, and to whom must the debtors make payment. Sylvanus Chambers dying first, his interest survived to Dinkins alone, supposing Hoover to disclaim all ownership in the judgments. Dinkins then, while living, was the party to collect the money, and consequently the garnishees were his, and not S. Chambers' debtors. Upon Dinkins' death, his rights survived to his administrator, who is the party legally authorized to receive the money from the garnishees. This disposes of the whole controversy between these parties. The fact that Dinkins' administrator will receive the money as a trustee to the amount of one moiety, and be accountable in that character to Sylvanus Chambers' administrator or representatives, makes no sort of difference. It is a trust which attaches alone to the administrator, who receives the money, and not to the debtor (of Dinkins) who pays.

The debtor has nothing to do with the trust, he must pay to the party having the legal right to receive the money, and those

beneficially interested in it must look to the administrator or trustee.

Judgment affirmed.